Opinion of the Court, by
Judge Owst.ey.
IN obedience to the command of a writ of habere* facias possessionem, which issued upon a judgment in ejectment recovered by the heirs of George Smith, de*. ceased, against Robinson, &c. the sheriff’ delivered the. possession of the land in contest, to Lane Smith, one of the heirs.
After this, an agreement in writing was entered info between We^the^Smilb, for himself and as agent iov *15 the other heirs of George Sinith, of the one part, and the appellee, Robinson, of the other part; by which agreement, Robinson, -as a compensation for thé improvement's upon the land recovered by the heirs of Smith, leased and accepted the possession of the land, and was to hold the possession thereof for the term of four years, and stipulated to deliver the possession of the land to the heirs, at the expiration of that term. ■
(1) Want of notlpe tution, cau-not be assign-an^rder a-*” -warding it, where the ^gared'and the decision merits/
(2) Where a writ ofpos-been° extSut-ed, ami the-judgment is reversed^the party-who ofwasdisPos-jiavea writ ofrestitutjpn.
Robinson, &c. however, not being satisfied with the decision against them in the ejectment, brought th’e cáuse before this court, and obtained a reversed of the judgment.
The opinion delivered by this coilrt was afterwards presented to the court below, and upon the motion of Robinson, &c¿ who were defendants in the ejectment, a writ of restitution was awarded, to restore to them the possession of the land. From the order awarding that writ, Smith, &c. the plaintiffs in th’e ejectment, have appealed.
(1) The main question presented for decision) Volves the propriety of the order awarding restitution. The assignment of errors also.contests the regularity of the court below hearing and deciding the motion which was made for a writ of restitution, on the ground of no notice having been given of the intended appliéation to the heirs of Smith. But were it admitted, that the defendants in the motion were not hound to appearand contest the application without notice, the fail&re to give notice ought not to vitiate the proceedings., under the circumstances displayed in the present record; it is apparent that the defendants in the motion appeared, and without objecting to the lack of notice, contested the right of the plaintiffs to a writ of restitution; and after a decision on the merits in that court, the want of notice ought not to be allowed to be urged as an objection in this court.
(2) The main question would involve no difficulty, jf the agreement entered into between Weathers Smith and Robinson, to which we have already referred, had not been concluded. The possession of the land, which was delivered'by the sheriff to Lane Smith, one of the plaintiffs in the ejectment cause, Would then appear to have been delivered in virtue of a writ habere facias possessionem, which issued upon a judg-m&nt against Robinson, &c. and tfcdp; judgment since *16 reversed by the decision of this court. Under sticb a stflíe ^acts> Robinson, &c; ought undoubtedly to be replaced in the possession froth which they had been expelled by the Erroneous fadgnriént of the court,- and to effect that object; would, upon well settled priuci-pies, be entitled to a writ of restitution.
(3) His no bar to a writ qf restitution after reversal of judgment, that the defendant; aftér the judgment and execution of the writ of possession, had compromised his claim fur improvements, for a term in the premises, and had agreed to restore them at •the end of the lease, and was thereby ip the actual possession.
(4) The execution of tire writ in such case, restores the seizin.
(3) But\after the possession was taken umtfyf the writ, by an agreement with Smith, Robinson accepted the possession from him, Fit the same time stipulating"to-restore it at the expiration of the lease: and on the part of the heirs of Smith, that agreement and acceptance of the possession, is contended to form an insuperable Objection to the order of the court awarding the writ of restitution.
We, however; think differently. The only plausible argument which could be employed in support of the objection taken by the heirs, is that which might be drawn from Robinson’s being in possession, it may be said, that the object of a writ of restitution is to obtain that of which a person is not possessed; Find a's Robinson is possessed, nothing can be effected by awarding the writ.
(4) But it should be recollected, that the possession Which Robinson holds under the agreement, is as tenant to the heirs of Smith, and not in his own right. He is, therefore, in of the seizin of the heirs, and by obtaining a writ of restitution, that seizin may be converted into a seizin ofhis own, and not of others.
The writ of restitution will, therefore, not be without effect, and of course was correctly awarded by thp court below. The ojjder must, consequently, he -affirmed with costs.